ERVIN, Judge.
The employer, Town of Pembroke Park, appeals a compensation order which authorized surgery for the claimant McCarthy. We agree that the judge of industrial claims erred in failing to give the parties proper notice of the hearing as is required by Section 440.25(3), Florida Statutes (1977).
Claimant first requested an authorization hearing on May 15, 1978. On February 7, 1979, the judge sent out a proper notice setting the hearing for April 10, 1979. However, on April 3, attorneys for Florida Insurance Guaranty Association (FIGA) were substituted for those of the employer’s insurer, which had become insolvent, to defend the employer. FIGA’s attorneys sought a stay, and, on April 10, the judge ordered the hearing reset for April 19, reserving the date of May 4,1979, against the possibility the April date could not be met *1206 by the parties. By letter, FIGA’s attorneys confirmed the May 4th date and stated both sides were unable to attend a hearing on April 19. Neither the judge nor claimant’s attorneys could attend the hearing on May 4. On May 7, claimant’s attorneys mailed a letter to the judge and to FIGA’s attorneys, stating that they were confirming “that hearing on the above cause has been reset for . . . May 10,1979 . . . .” By hand-delivered letter of May 9, 1979, FIGA’s attorneys notified the judge they objected to the May 10 hearing, which they had neither agreed to nor been notified of in accordance with Section 440.25(3), and that they would not attend. After the hearing, the judge ruled FIGA had waived the notice requirements in Section 440.25(3), and that proper notice was given once, after which the parties simply rescheduled the hearing.
We do not agree that the parties had waived all reasonable notice requirements by attempting to set a mutually convenient date for the hearing. It is not clear from the record when FIGA’s attorneys actually received the letter “confirming” the date of May 10; however, it was sometime after May 7, and the appellants assert it was May 9, the date of their protest to the judge. There is no evidence in the record that FIGA’s attorneys ever agreed to the May 10 date. Under these circumstances, we find that the judge failed to obtain jurisdiction over the appellant and erred in adjudicating the claim. Reversed and remanded for another hearing after proper notice to all parties.
SHIVERS and SHAW, JJ., concur.